IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,                    2:12-cv-02267-MA

        Plaintiff,                          OPINION AND ORDER

   v.

$182,110.00 IN UNITED STATES
CURRENCY, PLUS ACCRUED
INTEREST, et al., *in rem*,

        Defendants.


S. AMANDA MARSHALL
United States Attorney
District of Oregon
KATHLEEN LOUISE BICKERS
Assistant United States Attorney
1000 Southwest Third Avenue, Suite 600
Portland, Oregon 97204-2902

   Attorneys for Plaintiff

WES WILLIAMS
115 Elm Street
La Grande, Oregon 97850

   Attorney for Claimant Kathy Lepper

MARSH, Judge

   In this civil forfeiture proceeding, Claimant Kathy Lepper, as personal representative of the estate of Thomas Ralph Bobbitt,

1 - OPINION & ORDER

moves to suppress as evidence the defendant $182,110.00 in United States currency (the defendant currency) because it was discovered in violation of state law during a search of a safe-deposit box owned by Mr. Bobbitt. For the reasons set forth below, Claimant's Motion is denied.

## FACTUAL BACKGROUND

The material facts are undisputed.[1] On May 22, 2008, officers executed a search warrant on Mr. Bobbitt's home. During the search officers discovered over eight pounds of marijuana, financial records, records of drug transactions, and various other accouterments of drug trafficking activity. Among the financial records, officers located bank records from Community Bank indicating that Mr. Bobbitt held accounts at that bank, including a checking account that contained approximately $80,000.

On May 23, 2008, Oregon State Police (OSP) detectives served Community Bank with a Notice of Intent to Seize Mr. Bobbitt's accounts. The notice listed some specific account numbers, but detectives explained that the notice applied to all accounts in Mr. Bobbitt's name. Later that day, Mr. Bobbitt attempted to access the contents of a safe-deposit box registered in his name at Community Bank. Community Bank employees called OSP detectives to

---

[1] Because the facts are undisputed, this motion is appropriate for resolution without an evidentiary hearing. United States v. Quoc Viet Hoang, 486 F.3d 1156, 1163 (9th Cir. 2007).

inquire whether Mr. Bobbitt's safe-deposit box was covered by the Notice of Intent to Seize. The OSP detectives responded that the safe-deposit box was covered by the Notice of Intent to Seize.

On May 29, 2008, in preparation for applying for a search warrant for the safe-deposit box, OSP detectives contacted the bank and asked to be provided with the address of the Community Bank branch at which the safe-deposit box was located and the number assigned to the safe-deposit box. Community Bank employees provided the information requested, which the detectives used to describe the safe-deposit box with sufficient specificity in a search warrant application.

On May 30, 2008, OSP detectives received a search warrant authorizing a search of the safe-deposit box. During a subsequent search of the safe-deposit box, detectives found the defendant currency. After the detectives seized the defendant currency, a narcotics detection canine alerted to the odor of narcotics on the currency found in the safe-deposit box.

During a state criminal proceeding against Bobbitt, the Union County Circuit Court suppressed the evidence obtained in the search of the safe-deposit box because the search warrant application relied on information gathered in violation of Oregon banking privacy laws. The Oregon Court of Appeals affirmed. State v. Bobbitt, 275 P.3d 187, 249 Or. App. 181 (2012). Bobbitt passed away while a petition for review was pending before the Oregon

3 - OPINION & ORDER

Supreme Court, however, and the Oregon Supreme Court vacated the opinion of the Court of Appeals and remanded the case to the trial court with instructions to dismiss the case. State v. Bobbitt, 287 P.3d 1078, 352 Or. 563 (2012).

## DISCUSSION

Claimant argues that suppression is necessary because the OSP detectives violated Oregon banking privacy laws when they obtained the location and number assigned to Mr. Bobbitt's safe-deposit box by contacting Community Bank employees. Because the information about the safe-deposit box was used to obtain the warrant that justified the search of the safe-deposit box in which the defendant currency was discovered, Claimant submits the defendant currency must be suppressed as evidence in this civil forfeiture proceeding. Notably, however, Claimant does not argue that any information or evidence was obtained in violation of federal law.

Plaintiff does not dispute that the detectives' solicitation and receipt of the safe-deposit box location and number violated the financial-record privacy provisions of Oregon law, but rather maintains that suppression is inappropriate because evidence obtained in violation of state law is admissible in federal court as long as no violation of federal law requires exclusion of the evidence.

As relevant here, Oregon law provides that "[a] financial institution may not provide financial records of a customer to a

4 - OPINION & ORDER

state or local agency." Or. Rev. Stat. § 192.586(1)(a). That provision, however, "does not preclude a financial institution, in the discretion of the financial institution, *from initiating contact with*, and thereafter communicating with and disclosing customer financial records to . . . [a]ppropriate state or local agencies concerning a suspected violation of the law." Id. § 192.586(2) (emphasis added). In addition, subject to conditions, financial institutions may disclose financial records if served with a summons, subpoena, or search warrant. See Or. Rev. Stat. §§ 192.596, 192.598. Finally, under Oregon law, evidence obtained in violation of these provisions is "inadmissible in any proceeding." Or. Rev. Stat. § 192.606(5).

"[T]he admissibility of evidence obtained in violation of state law turns on whether a federal right has been infringed." United States v. Chavez-Vernaza, 844 F.2d 1368, 1373 (9th Cir. 1987). See also Virginia v. Moore, 553 U.S. 164, 168-76 (2008); United States v. Becerra-Garcia, 397 F.3d 1167, 1173 (9th Cir. 2005); United States v. Cormier, 220 F.3d 1103, 1111 (9th Cir. 2000). "The general rule . . . is that evidence will only be excluded in federal court when it violates federal protections, such as those contained in the Fourth Amendment, and not in cases where it is tainted solely under state law." Cormier, 220 F.3d at 1111. This rule applies without regard to whether the evidence was

gathered by state or federal officials. <u>Chavez-Vernaza</u>, 844 F.2d at 1373-74.

As the parties do not dispute, the OSP detectives obtained the location and number of the safe-deposit box in violation of the financial-record privacy provisions of Oregon law because the detectives, not the bank, initiated the contact that led to the disclosure of the information. <u>See</u> <u>Or. Rev. Stat.</u> § 192.586(2). As noted, however, Claimant does not argue that the detectives obtained the safe-deposit box information in violation of any federal right. Therefore, because the safe-deposit box information "is tainted solely under state law" and the detectives did not obtain it in any way that violated any federal protections, suppression of the defendant currency is inappropriate. <u>See</u> <u>Cormier</u>, 220 F.3d at 1111.

### CONCLUSION

For the foregoing reasons, Claimant's Motion to Suppress (#34) is DENIED.

IT IS SO ORDERED.

DATED this _/_ day of July, 2014.

*/s/ Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

6 - OPINION & ORDER